IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BERNITA WEST, | : | |
| Plaintiff, | : | |
| VS. | : | NO. 5:11-CV-479 (CAR) |
| MICHAEL J. ASTRUE, | : | SOCIAL SECURITY APPEAL |
| Defendant. | : | |

## RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Bernita West's claim for a period of disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3). In support of her request for remand, Plaintiff argues that (1) the Administrative Law Judge (ALJ) erred by failing to provide a rationale for rejecting the medical opinion of Plaintiff's treating psychiatrist, (2) the ALJ erred by failing to include relevant mental limitations when determining Plaintiff's residual functional capacity, and (3) the Appeals Council erred by not vacating the ALJ's decision in light of new mental health records provided by Plaintiff. Because the ALJ did not adequately articulate her reasons for disregarding the medical opinion of Plaintiff's treating psychiatrist, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED AND REMANDED** for further proceedings.

## BACKGROUND

At the time of the hearing before the ALJ, Plaintiff was forty-five years old and suffered from depression, post-traumatic stress disorder, and borderline intellectual functioning. AR 106, 153 (Docs. 10-3, 10-4). Plaintiff attended special education classes until the eighth grade and

graduated from high school. AR 106 (Doc. 10-3). Plaintiff previously worked as a garment inspector, cloth folder, security guard, and cashier. Doc. 111-114 (Doc. 10-3).

Many of Plaintiff's impairments stem from an incident in 1989 when her home was struck by a tornado. AR 415 (Doc. 10-8). During the tornado, a board struck Plaintiff in the head, causing head and neck injuries. Id. Plaintiff received 250 stiches in her head and wore a neck brace for fifteen months following the incident. Id. Plaintiff's two-year-old child was killed in the tornado. Id. Plaintiff was then psychiatrically hospitalized and diagnosed with major depression and post-traumatic stress disorder. AR 331-45 (Doc. 10-8). Plaintiff received disability insurance benefits from 1990 through 2001, but her disability benefits terminated after she began working. Id.; AR 115 (Doc. 10-3).

On May 21, 2008, Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income. Plaintiff's applications were denied initially and upon reconsideration. Following a hearing before the ALJ, a written decision finding Plaintiff not disabled was issued. The Appeals Council declined to review the decision. On December 2, 2011, Plaintiff filed this appeal.

## STANDARD OF REVIEW

District courts have a limited role in reviewing claims brought under the Social Security Act. Review of the Commissioner's decision is restricted to a determination of whether the decision is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996, 1000 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Consequently, a court's role in reviewing claims brought under the Social Security Act is quite narrow.

District courts must defer to the Commissioner's factual findings. Courts may not decide facts, re-weigh evidence, or substitute their judgment for that of the Commissioner. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986). Courts must scrutinize the entire administrative record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. Id.

The Commissioner's findings of law are given less deference. Courts must determine if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). Courts must therefore consider any questions of law *de novo*, and "no…presumption of validity attaches to the [Commissioner's] conclusions of law, including determinations of the proper standards to be applied in reviewing claims." Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982). The Commissioner's failure to apply the correct legal standards or to provide a sufficient factual basis for the court to determine that the correct legal standards have been followed is grounds for reversal. Id.

## EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity due to a physical or mental impairment that is

expected to result in death or which has lasted or is expected to last for a continuous period of a least twelve months. 42 U.S.C. § 423(d)(1)(A).

When analyzing the issue of disability, the Commissioner must follow a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether or not the claimant is currently engaged in substantial gainful activity. Second, upon a finding that the claimant is not working, the Commissioner determines whether the claimant has any impairment that prevents the performance of basic work activities. Next, if the existence of such impairments has been found, the Commissioner determines whether the impairment(s) meets or medically equals the severity of one or more of the specified impairments listed in Appendix 1 of Part 404 of the regulations. If the claimant's impairments do not meet or medically equal a listed impairment, the Commissioner must proceed to evaluate the claimant's residual functional capacity (RFC) for work. Fourth, using the claimant's RFC, the Commissioner determines whether the claimant is able to perform the physical and mental demands of her past work despite the impairments. Finally, and only when it has been determined that the claimant is unable to perform his or her past work, the Commissioner must determine whether there are sufficient numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and past work experience.

## DISCUSSION

The Commissioner's decision must be reversed and remanded because the ALJ failed to articulate her reasons for discounting the medical opinion of Plaintiff's treating psychiatrist, Dr. Morgan. Although the ALJ acknowledged Dr. Morgan's opinion and gave great weight to portions of Dr. Morgan's opinion, the ALJ did not explain the reasons for failing to accept Dr.

Morgan's opinion in its entirety. As such, the case should be reversed and remanded in order to allow the ALJ to evaluate Dr. Morgan's opinion in its entirety.

## The ALJ's Findings

At step one of the sequential evaluation process, the ALJ concluded that Plaintiff had not engaged in substantial gainful employment since her alleged onset date of April 26, 2006. AR 152 (Doc. 10-4). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of major depression, post-traumatic stress disorder, and borderline intellectual functioning. Id. at 153. Using the special technique set forth in 20 C.F.R. § 404.1520a, the ALJ found that Plaintiff suffered mild restrictions in the activities of daily living; moderate difficulties in social functioning; moderate difficulties in concentration, persistence or pace; and one to two episodes of decompensation, each of extended duration. Id. at 154. At step three, however, the ALJ found that Plaintiff's impairments did not, alone or in combination, meet or medically equal any of the impairments listed in Appendix 1 to Subpart P of Part 404 of Chapter 20 of the Code of Federal Regulations (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.925, 416.926). Id. Consequently, but before moving to step four, the ALJ proceeded to consider Plaintiff's RFC.

The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following non-exertional limitations: Plaintiff is able to understand and carry out simple instructions, can sustain concentration for simple tasks, may not work in large groups, may only have occasional contact with co-workers, may have no more than minimal public contact, and must have a stable work setting. Id. at 155.

At step four, the ALJ found that, despite Plaintiff's limitations, Plaintiff was able to perform her past relevant work as a cloth folder. Id. at 158. The ALJ nevertheless proceeded to

step five and found that there were additional jobs that existed in significant numbers in the national economy that Plaintiff could have performed based on her age, education, and work experience. Id. at 159-60.

## The ALJ's Evaluation of Medical Opinions

Plaintiff contends that the ALJ did not adequately weigh and evaluate each of the medical opinions in the record and that the ALJ failed to provide rationale for rejecting disabling limitations found by Plaintiff's treating psychiatrist, Dr. Morgan. Although the ALJ's opinion addresses each of the medical opinions and states the weight afforded to the opinions, the ALJ did not adequately articulate the reasons for discounting Dr. Morgan's August 2009 opinion regarding Plaintiff's RFC.

In determining whether a claimant is disabled, the ALJ must evaluate every medical opinion in the record and weigh each opinion. 20 C.F.R. § 404.1527(b)-(c). The ALJ must state with particularity the weight given to the different medical opinions and the reasons for the assigned weight. Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004).  Absent "good cause" to the contrary, the ALJ shall give the medical opinions of treating physicians "substantial or considerable weight." Lewis v. Callahan, 125 F.3d 1463, 1440 (11th Cir. 1997).

Good cause to discount a treating physician's opinion exists when (1) the treating physician's opinion is not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Phillips, 357 F.3d at 1241. An ALJ may disregard a treating physician's opinion by showing good cause, but the ALJ must clearly articulate her reasons for doing so. Phillips, 357 F. 3d at 1240-41. Without an adequate explanation by the ALJ, it is impossible for a reviewing court to determine whether the Commissioner's decision is rational and supported by

substantial evidence. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). Accordingly, absent a clear articulation of the grounds for the decision to discount a treating physician's opinion, a reviewing court must decline to affirm the Commissioner's decision even if some rationale might have supported the ALJ's conclusions. Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984).

In this case, the ALJ did not clearly articulate her reasons for discounting Dr. Morgan's opinion concerning Plaintiff's mental limitations. In determining Plaintiff's RFC, the ALJ detailed numerous medical opinions of Plaintiff's treating physicians, examining physicians, and non-examining physicians, as well as other evidence concerning Plaintiff's mental limitations. Regarding Dr. Morgan's August 2009 opinion, the ALJ noted that Dr. Morgan opined that Plaintiff had "marked limitations in carrying out more than simple tasks, in relating and responding appropriately to people, in responding to work pressures, in maintaining persistence and pace, as well as in performing varied tasks." AR 157 (Doc. 10-4). The ALJ then stated that she gave great weight to the opinions of the State agency mental health consultants regarding the degree of limitation of Plaintiff's social functioning and concentration, persistence, and pace. The ALJ further gave great weight to the opinions of Plaintiff's treating physicians regarding Plaintiff's limitations in handling complex tasks, needing a stable work environment, and needing limited contact with others. Although the ALJ stated that the weight given to both the State consultants and the treating physicians was consistent with the evidence in the record, the ALJ did not provide a specific rationale for the weight given to each opinion.

On the face of the ALJ's opinion, it appears that the ALJ's evaluation of the different medical opinions was sufficient and consistent with the ALJ's RFC finding. See Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (courts are not permitted to reweigh the

importance attributed to the medical evidence). The ALJ did not, however, articulate her reasons for discounting Dr. Morgan's August 2009 opinion. Defendant argues that any error committed by the ALJ in failing to provide further rationale for her findings was harmless because even if the ALJ had assigned great weight to the report, the administrative results would not have changed.

Defendant's argument is contradicted by the record. At the administrative hearing, the ALJ specifically asked the vocational expert (VE) if an individual with the limitations described in Dr. Morgan's August 2009 report could perform any of Plaintiff's past work or any other work in the national economy. AR 134 (Doc. 10-3). The VE replied that such an individual could not perform any work. Id. The VE further stated that the individual would not be able to work due to marked limitations in the ability to respond to customary work pressures and the ability to perform varied tasks coupled with marked limitations in persistence, pace, and concentration. Because there is uncontroverted evidence in the record that Plaintiff would be disabled under Dr. Morgan's August 2009 opinion, the ALJ must have specifically discounted Dr. Morgan's opinion in finding that Plaintiff was not disabled. The ALJ failed, however, to provide a rationale for her decision to discount Dr. Morgan's opinion. Moreover, Dr. Morgan's opinion appears to be consistent with the opinion of examining psychologist Dr. Huthwaite, who also found that Plaintiff should be expected to work at a reduced pace and is a high risk for decompensating under stress. Because the ALJ did not provide an express rationale for her decision to discount Dr. Morgan's opinion, the Court cannot determine if the ALJ's decision to discount Dr. Morgan's opinion is supported by substantial evidence.

**Evidence Submitted to the Appeals Council**

Plaintiff also contends that the case should be remanded because the Appeals Council failed to vacate the ALJ's decision in view of new evidence. The Appeals Council shall consider new, noncumulative, and material evidence submitted by a claimant after the ALJ's decision only to the extent that the new evidence relates to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b). "Material" evidence is evidence that is "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Milano v. Bowen, 808, F.2d 763, 766 (11th Cir. 1987). When evidence is submitted for the first time to the Appeals Council, that new evidence becomes part of the administrative record. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1067 (11th Cir. 1994). If the plaintiff challenges both the ALJ's decision to deny benefits and the Appeals Council's decision to deny review based on the new evidence, reviewing courts will consider whether the new evidence renders the denial of benefits erroneous. Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1262, 1265-66 (11th Cir. 2007).

In this case, Plaintiff submitted new evidence to the Appeals Council, including a more recent opinion by Dr. Morgan. Dr. Morgan's October 2010 report evidences changes in Plaintiff's mental limitations, including a finding that Plaintiff suffered severe limitations in responding to customary work pressures. Defendant contends that the Appeals Counsel did not err in failing to remand because Dr. Morgan's report post-dates the ALJ's decision. Plaintiff claims that the report does not post-date the ALJ's decision because Dr. Morgan affirmed that Plaintiff's impairments specified in the report had lasted twelve months or longer, indicating that those impairments existed prior to the ALJ's decision. Dr. Morgan's report, however, merely indicates that the "noted impairments persisted-or can they expected to last-for at least 12 months

or longer." AR 69 (Doc. 10-3). This statement appears to be standard language to indicate that the impairments would meet the duration requirement for severe impairments described in 20 C.F.R. § 404.1515, and does not necessarily imply that Plaintiff's noted impairments in the report had persisted for the previous twelve months. On the same form, the estimated onset date for the same degree of impairments in the report is marked "unknown." AR 69 (Doc. 10-3).

Because it is unclear whether Dr. Morgan's October 2010 report establishes that Plaintiff suffered the severity of mental limitations indicated in the report prior to the ALJ's decision, the Appeals Council did not err in failing to remand in view of the new evidence. In view of the recommendation to remand based on the ALJ's failure to specify her reason's for discounting Dr. Morgan's August 2009 report, however, the ALJ should consider Dr. Morgan's 2010 report upon remand.

## CONCLUSION

Because the ALJ failed to articulate her rationale for discounting Plaintiff's treating psychiatrist's medical opinion, the Court cannot conclude that the ALJ's finding that Plaintiff is not disabled is supported by substantial evidence. Accordingly, it is hereby **RECOMMENDED** that the Commissioner's decision be **REVERSED** and **REMANDED** pursuant to Sentence Four of 42 U.S.C. § 405 (g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN(14) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 26th day of February, 2013.

                                                    s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge